IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED:_____ |
| BERNARD CORBIN | : | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy - 1 count) |
| | : | 18 U.S.C. § 2314 (interstate transportation of stolen property - 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting)<br>Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

### BACKGROUND

1. Since at least February 2012, defendant BERNARD CORBIN has run a business named Simply Green, located at 707 North Front Street, Philadelphia, Pennsylvania.

2. Simply Green is purportedly in the business of collecting used cooking oil, often referred to as "yellow grease," from restaurants, and selling it to refineries so that it can be processed and recycled. This spent cooking oil from restaurant fryers can be used to make soap, make-up, clothes, rubber, detergents, and biofuel. This spent oil is not waste to be hauled away but a commodity that is bought and sold.

3. Because used cooking oil can be sold, restaurants will often contract with a recycler who will buy the used cooking oil. A number of legitimate companies in the Philadelphia area, including Waste Oil Recyclers, are in the business of buying and collecting used cooking oil and then selling it. Upon reaching an agreement to buy the used cooking oil

from a restaurant, Waste Oil Recyclers will supply that restaurant a containment drum. As the restaurant uses the cooking oil, it places the used cooking oil in the containment drum. Periodically, Waste Oil Recyclers picks up the used cooking oil and pays the restaurant on a volume basis. Waste Oil Recyclers brings the oil back to its facility where it is heated, filtered, and dewatered. The refined product is then either used to heat Waste Oil Recyclers' own facility or sold to a biofuel facility. There are a number of similar oil recycling companies in the Philadelphia area.

## THE CONSPIRACY

4. From in or about January 2012 to in or about October 2012, in the Eastern District of Pennsylvania, defendant

## BERNARD CORBIN

conspired and agreed with others, known and unknown to the grand jury, to commit an offense against the United States, that is, to knowingly transport and transfer in interstate commerce, stolen goods, that is, used cooking oil, knowing that this oil was stolen, in violation of Title 18, United States Code, Section 2314.

## MANNER AND MEANS

It was a part of the conspiracy that:

5. While running Simply Green, defendant BERNARD CORBIN hired employees to travel around the Philadelphia area and steal used cooking oil from storage containers used by restaurants and then bring the cooking oil back to the Simply Green facility.

6. Defendant BERNARD CORBIN supplied his Simply Green employees with bolt cutters to cut open the locks which restaurants used to secure their restaurant oil storage

containers.

7.     Defendant BERNARD CORBIN supplied his Simply Green employees with vans containing holding tanks and pumping systems to pump the stolen oil out of the restaurant storage containers.

## OVERT ACTS

In furtherance of the conspiracy, defendant BERNARD CORBIN and others known and unknown to the grand jury committed the following overt acts in the Eastern District of Pennsylvania, and elsewhere:

1.     Defendant BERNARD CORBIN trained Simply Green employees how to use Simply Green equipment to steal cooking oil.

2.     Defendant BERNARD CORBIN instructed Simply Green employees to go collect cooking from locked and unlocked containers. At defendant CORBIN's instruction, Simply Green employees committed the following thefts, among others:

    a.     On or about March 2, 2012, Simply Green employees David Evans and Victor Velazquez, both charged elsewhere, stole cooking oil from a storage container used by LaSpada restaurant in Ridley Township, Pennsylvania.

    b.     On or about April 3, 2012, unidentified Simply Green employees stole cooking oil from a storage container used by Nifty Fifty's restaurant in Bensalem, Pennsylvania.

    c.     On or about April 17, 2012, Simply Green employees Jose Ortiz, charged elsewhere, D.M. and M.C., individuals known to the grand jury, stole cooking oil from a storage container used by Nifty Fifty's and Michael's restaurants in Bensalem, Pennsylvania.

d. On or about May 23, 2012, unidentified Simply Green employees stole cooking oil from a storage container used by O'Grady's restaurant in Hilltown Township, Pennsylvania.

e. On or about June 7, 2012, Simply Green employees M.A. and N.R., individuals known to the grand jury, stole cooking oil from a storage container used by Casey's Restaurant in Newtown Square, Pennsylvania.

f. On or about July 12, 2012, Simply Green employees Avery Talmadge and Stacy Morgan, both charged elsewhere, stole cooking oil from a storage container used by Popeye's Restaurant in Marple Township, Pennsylvania.

g. On or about July 14, 2012, Simply Green employees Keith Williams and Musayyeb Alhaqq, both charged elsewhere, stole cooking oil from a storage container used by Buddakan restaurant in Philadelphia, Pennsylvania.

h. On or about September 1, 2012, Simply Green employees Jose Ortiz and Derrick Bostic, both charged elsewhere, stole cooking oil from a storage container used by Mrs. Marty's Deli in Media, Pennsylvania.

3. Following the thefts, according to defendant BERNARD CORBIN's instructions, Simply Green employees drove the stolen oil to Simply Green's garage at 707 N. Front Street, Philadelphia, Pennsylvania, where they transferred the stolen oil to holding tanks.

4. On each occasion described above, the used cooking oil stolen by Simply Green employees was sold interstate and removed by an interstate trucking company for eventual sale nationwide.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs One through Three and Five through Seven and Overt Acts One through Four of Count One of this Indictment are incorporated here.

    2.    After collecting the stolen cooking oil at Simply Green's facility, defendant BERNARD CORBIN sold the cooking oil to K.D., a cooking oil merchant. K.D. also had his own contracts to collect oil from restaurants.

    3.    K.D. sold the oil he collected from restaurants and the stolen cooking oil he bought from defendant BERNARD CORBIN through J.K., a broker located in New Jersey. J.K. sold this cooking oil to a New York company named "B Green Group" who hired a Minnesota trucking company to drive to Pennsylvania to pick up the stolen oil. After further processing, the oil was shipped around the United States.

    4.    From in or about January 2012 to in or about October 2012, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## BERNARD CORBIN

knowingly transported, transmitted, and transferred, and aided and abetted, and caused to be transported, transmitted, and transferred, in interstate commerce, from Philadelphia, Pennsylvania, goods and merchandise with a value in excess of $5,000.00, that is, used cooking oil with a value of at least $382,584.00 that was sold to be recycled and converted into biofuel, knowing the oil to have been stolen, converted and taken by fraud.

    In violation of Title 18, United States Code, Sections 2314 and 2.

## NOTICE OF FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Sections 371 and 2314, set forth in Counts One and Two of this indictment, defendant

## BERNARD CORBIN

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense, as charged in this indictment.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

_____
ZANE DAVID MEMEGER
United States Attorney
First Assistant U.S. Attorney